ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ACUEDUCTOS COMUNIDAD BUENOS AIRES, INC.<br><br>Apelados<br><br>v.<br><br>HÉCTOR MULERO Y OTROS<br><br>Apelantes | KLAN202400190 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV01556<br><br>Sobre: REGLA 60 COBRO DE DINERO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de abril de 2024.

Comparecen ante *nos*, Héctor Mulero Rosario y Aida Claudio (en conjunto la parte apelante) y nos solicitan que revisemos la *Sentencia* emitida el 5 de febrero de 2024 y notificada el 7 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Demanda* que presentó el Acueducto Comunidad Buenos Aires, Inc., (parte apelada) y, en consecuencia, condenó a la parte apelante al pago de $1,050.00 más $385.00 en concepto de penalidad por atrasos, para una deuda total de $1,435.00 más el interés legal al 9.25%.

Por los fundamentos que se exponen a continuación, se *desestima* el recurso de apelación presentado.

### I.

Según surge del expediente ante *nos*, el 17 de mayo de 2023, la parte apelada presentó una *Demanda* sobre cobro de dinero en contra de la parte apelante. En apretada síntesis, la parte apelada

Número Identificador

SEN2024_____

reclamó el pago de $1,050.00 por concepto de consumo de agua adeudado, $385.00 por el pago de la penalidad por los atrasos pendientes y el pago de las costas y honorarios de abogado.

Luego de varios incidentes procesales, el 14 de noviembre de 2023, se llevó a cabo la Vista en su Fondo. Consecuentemente, el 5 de febrero de 2024, el TPI emitió una *Sentencia* mediante la cual condenó a la parte apelante al pago de $1,050.00 por concepto de consumo de agua adeudado más $385.00 en concepto de penalidad por atrasos, para una deuda total de $1,435.00 más el interés legal al 9.25%. Dicha *Sentencia* fue notificada a las partes el 7 de febrero de 2024.

Así, el 12 de febrero de 2024, la parte apelante presentó un *Recurso de Reconsideración*. Ese mismo día, el TPI emitió una *Orden*, notificada el 15 de febrero de 2024, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme con esa determinación, el 29 de febrero de 2024, la parte apelante acudió ante *nos* mediante un recurso de apelación en el cual no realizó señalamientos de error. Alegó que la *Sentencia* es errónea, pues la deuda se refiere en concepto de consumo de agua en lugar de mantenimiento de agua. Arguyó que nunca han visto las facturas ni se ha presentado el detalle de la deuda. Sostuvo que se debió presentar evidencia firmada por alguna de las partes como que se recibieron las facturas.

El 11 de marzo de 2024, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para que presentara su alegato en oposición. Así las cosas, el 1 de abril de 2024, la parte apelada presentó un *Alegato de la Parte Apelada*. Con el beneficio de contar con las comparecencias de las partes, procedemos a resolver.

**I.**

## A. La jurisdicción

Como cuestión de umbral, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023); *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Además, cabe destacar que "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *MCS Advantage, Inc. v. Fossas Blanco y otros, supra.* Véase, además, *S.L.G. Solá-Moreno v. Bengoa Becerra, supra*, pág. 682; *Asoc. Punta Las Marías v. A.R.Pe.*, 170 DPR 253, 263 (2007). En particular, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales

apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, *supra*. Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Por consiguiente, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

### B. Perfeccionamiento del recurso de apelación

El perfeccionamiento del recurso de apelación está regulado en la Parte II del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 16 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone, entre otras cosas, que:

> (1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) En la comparecencia, el nombre de las partes apelantes.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
>
> (c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí*, 165 DPR 365, 366 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Asimismo, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. Íd.

### C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

La Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159-176 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137, 144 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122, 130 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

### III.

Según el derecho que antecede, nuestro ordenamiento jurídico le exige a la parte apelante que en su escrito señale, discuta y fundamente el error o los errores que se le imputan al TPI. Así, el perfeccionamiento adecuado de un recurso está supeditado a que la parte que recurre ante *nos* argumente adecuadamente su contención.

En el caso de marras, el recurso presentado por la parte apelante no es revisable. La parte apelante incumplió

sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, la parte apelante incumplió con los requisitos del Reglamento del Tribunal de Apelaciones al no incluir ni discutir los errores que imputa al TPI. Tal omisión, imposibilita que podamos aquilatar de forma adecuada la determinación de ese foro.

Además, la parte apelante omitió una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes al caso. Tampoco contiene una referencia a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de revisión. Asimismo, no incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la decisión del TPI.

Así pues, aun aplicando la mayor distensión en el cumplimiento de los requisitos reglamentarios en el proceso apelativo, los defectos señalados no nos permiten efectuar una función revisora adecuada, pues no existe una manera de determinar cual es el asunto que debemos atender. Es preciso recordar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. Véase, *Febles v. Romar, supra.*

En fin, reiteramos que las omisiones del recurso que presentó la parte apelante nos impiden colocarnos en posición de atenderlo de forma adecuada. El recurso ante nuestra consideración incumple crasamente con los requisitos básicos para la presentación de un escrito de apelación ante este Tribunal.

**IV.**

Por los fundamentos antes expuestos, *desestima* el recurso de apelación presentado por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones